IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| ANGELA MARIE BACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-2665-JTM |
| | ) | |
| HEATRON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On June 1, 2011, the undersigned U.S. Magistrate Judge, James P. O'Hara, entered an order (doc. 26) finding defendant's motion to compel to be moot because plaintiff produced all responsive documents after the motion was filed. In response to defendant's request for fees associated with bringing the motion, the court instructed defendant to provide an accounting of its reasonable expenses incurred in making the motion, which it has done (doc. 27). Plaintiff, through her attorney, has responded (doc. 28), arguing that for various reasons, she shouldn't have to pay defendant's fees and that the fees as claimed are unreasonable.

Payment of expenses incurred in bringing a motion to compel is governed in part by Fed. R. Civ. P. 37(a)(5)(A), which provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Whether to impose fees is a matter within the court's discretion.[1] A discovery response or objection is not necessarily unjustified just because it is ultimately rejected. In other words, simply because a motion to compel is granted, that does not mean that the position taken by the objecting party was not substantially justified. Rather, "[a] nondisclosure, response, or objection is substantially justified if it is justified to a degree that could satisfy a reasonable person or where reasonable people could differ as to the appropriateness of the nondisclosure, response, or objection."[2]

In this case, the discovery was provided in full after defendant filed its motion to compel. The only issue is whether plaintiff or her attorney should be required to pay defendant's reasonable expenses incurred in bringing the motion. As noted in the order on defendant's motion to compel, "This request is based on the fact that plaintiff's counsel apparently failed to respond to the discovery requests and defendant's letter and phone calls

---

[1] *Moss v. Blue Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007).

[2] *Wooten v. Certainteed Corp.*, No. 08-2508, 2009 WL 2407715, at *2 (D. Kan. Aug. 4, 2009) (quoting *Hamner v. Assoc. Wholesale Grocers, Inc.*, No. 07-2314, 2008 WL 917900, at *2 (D. Kan. Mar. 31, 2008)) (internal citations and quotations omitted).

regarding the same."[3]

Plaintiff first argues against an award of fees based on the reasoning that "[t]his entire matter could have been avoided by defendant's counsel in the cover sheet of the e-mail of May 10, 2011 containing its attached correspondence making a 10 day demand for plaintiff to make discovery." Plaintiff's counsel apparently thought the email, which contained a message to "Please see attached" in reference to an attached golden-rule letter, was in reference to a dispute between the parties regarding expert designations. According to plaintiff, "Had it stated that the correspondence contained within the e-mail cover sheet was a 10 day demand to make discovery, the attention of plaintiff's counsel would have been more closely drawn."

The undersigned does not find this argument at all convincing. Plaintiff's counsel's disinclination to "please see attached" should not be faulted to defense counsel. It should also be noted that the discovery at issue was already delinquent when defense counsel sent the email, so a request that the discovery be provided within 10 days from that date was not unreasonable, nor did plaintiff's counsel deserve a special or particularized notice of the request.

Plaintiff also argues that the discovery in question was not, contrary to assertions made in defendant's motion to compel, so pressing or necessary that the absence of it would have compromised its defense of this case. But whether defendant truly needed the

---

[3]Doc. 26 at 1.

discovery or whether certain information could've been obtained through other means isn't the issue here. Plaintiff raised no substantive objections to the discovery and only provided the information after defendant filed the motion to compel. Thus, the issue here is whether defendant should be compensated for having to file the motion to compel in the first place. The importance of the discovery to defendant has no bearing on that question at this point. The same is true for plaintiff's argument regarding discovery issues related to a separate workers'-compensation proceeding.

Plaintiff's counsel also argues that downloading the various documents provided by plaintiff was very time consuming and couldn't be completed by the deadline for the discovery. This may be true, but that doesn't excuse plaintiff's counsel's failure to communicate that fact to defense counsel, let alone plaintiff's counsel's failure to even respond to defense counsel's letter or phone calls on the subject.

In sum, the undersigned concludes that plaintiff's counsel's response regarding the discovery at issue was not substantially justified, nor has there been any showing that an award of fees would be unjust in this circumstance.

Plaintiff's response also disputes the reasonableness of defense counsel's charges. Specifically, plaintiff's response states that the time entries for revisions are excessive and that the time spent by defense counsel in drafting various pleadings is "outrageous" for such a simple motion. The undersigned respectfully disagrees. The total amount of time spent conferring, drafting, and revising the golden-rule letter, the motion to compel, the

memorandum in support, and the reply brief is 7.2 hours. This is hardly excessive, let alone "outrageous."[4] The same is true for the overall amount of fees claimed, which is in the amount of $1,648.

Accordingly, plaintiff's counsel[5] is ordered to reimburse defendant in the amount of $1,648.00 for its costs incurred in filing the motion to compel. Payment is due in full by **July 22, 2011**. Once payment is made, defendant shall file a certificate acknowledging receipt of funds.

IT IS SO ORDERED.

Dated July 8, 2011, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[4]The times recited in plaintiff's response are not entirely accurate. For example, plaintiff states that it took 1 1/2 hours to draft the reply. But the time entry is actually .9 hours, which is 54 minutes. In other words, the time entries are not in minutes but rather in percentages of an hour. *See* ex. 1 to doc. 27.

[5]It appears that the motion to compel was necessitated by the action, or rather inaction, of plaintiff's counsel, not plaintiff herself.